IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**PAUL L. MURPHY,**

    **Plaintiff,**

vs.                                       **CIVIL ACTION NO. 5:21-CV-00638**

**SUMMER ANDERSON,**
**Child Protection Services,**
*ET AL.***,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, filed on December 6, 2021. (ECF No. 1) By Standing Order, this matter was referred to the undersigned for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the Complaint(s) and Request(s) for Injunction, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

## FACTUAL BACKGROUND

In both copies of the form "Complaint and Request for Injunction", contemporaneously filed on December 6, 2021 (ECF Nos. 2, 4), Plaintiff indicates the basis for this Court's jurisdiction is a federal question, however, his allegations sound in common law tort, including harassment, libel, slander, and defamation of character. Plaintiff names Defendants Summer Anderson, of

---

[1] Because Plaintiff is proceeding *pro se*, the documents he filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

1

Child Protective Services, as well as Child Protective Services, of Lewisburg, Greenbrier County, West Virginia. Plaintiff alleges that his roommates advised him that Defendant Anderson recently testified in November 2021 in a court proceeding that she drives by Plaintiff's house and had stated in a petition that Plaintiff refused to allow her to inspect his house, although Plaintiff actually had a medical emergency. It appears that the basis of Plaintiff's complaint is that his roommates recently had a baby that was subsequently removed from their custody. Although Plaintiff asserts that he is not involved in that case, and does not "have a problem" with Child Protective Services inspecting his home, he refuses to provide any information to them. Plaintiff takes issue with Defendant Anderson "going out of her way" to drive by his house. Plaintiff seeks $25,000 in monetary damages from each Defendant and to enjoin Defendant Anderson from driving by his house.

## THE STANDARD

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon

which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[2], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W. Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts

---

[2] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

<u>Lack of Subject Matter Jurisdiction:</u>

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. <u>Bender v. Williamsport Area School District</u>, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).[3]

First, the undersigned finds that Plaintiff's Complaint(s) do not involve any question of "federal law" as to invoke jurisdiction under Section 1331. Specifically, Plaintiff does not allege a violation of a federal statute or constitutional provisions. Viewing Plaintiff's claims against

---

[3] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

  (1) citizens of different states;

  (2) citizens of a State and citizens or subjects of a foreign state;

  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

  (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

4

Defendants for the torts of harassment, libel, slander, and defamation under West Virginia law,[4] the Court cannot consider them under its supplemental jurisdiction because Plaintiff has failed to state any other claim for which relief can be granted over which the Court has original jurisdiction.[5] [6]

Rule 8 of the Federal Rules of Civil Procedure:

Plaintiff is required to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In addition to failing to provide cognizable grounds for this Court's jurisdiction, Plaintiff's claims do not comply with Rule 8(a) for failing to allege sufficient facts and circumstances showing

---

[4] To the extent Plaintiff is claiming that Defendants defamed his character in violation of a federally protected right, his claim is without merit. See Siegert v. Gilley, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794, 114 L.Ed.2d 277 (1991)("Defamation, by itself, is a tort actionable under the laws of most states, but not a constitutional deprivation."); Paul v. Davis, 424 U.S. 693, 712, 96 S.Ct. 1155, 1165 - 66, 47 L.Ed.2d 405 (1976)(finding that "any harm or injury to [Plaintiff's interest in his reputation], even where as here inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law"); Saunders v. Dickerson, 2008 WL 2543428 *2 (E.D. Va. Jun. 25, 2008)(stating that "[p]laintiff's reputation is protected through state tort law, and a mere allegation of damage to one's reputation and character fails to implicate any liberty or property interests protected by the Constitution"); Sterne v. Thompson, 2005 WL 2563179 at *4 (E.D. Va.)("It is well established that a defamatory statement and a concomitant injury to reputation, by themselves, are insufficient to support a *Bivens* claim under the Fifth Amendment."); Miller v. Jack, 2007 WL 2050409 (N.D.W. Va. Jul. 12, 2007)(finding that "damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege, or immunity secured to him by the Constitution or the laws of the United States").

[5] The District Court has supplemental jurisdiction over State law claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." United Mineworkers of America v. Gibbs, 383 U.S. 718, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (citation omitted).

[6] It also goes without stating that Plaintiff's claims clearly fail to comply with Section 1332 requirements, given that all the parties are West Virginia residents and the amount in controversy is less than $75,000.

entitlement to relief. After having liberally reviewed Plaintiff's allegations, it appears that Plaintiff is suing an agent of the West Virginia Department of Health and Human Resources ("DHHR") who is involved in child protective services in an abuse and neglect proceeding[7] ostensibly pending in Greenbrier County. Interestingly, Plaintiff declares the matter "has nothing to do with me" (ECF No. 2 at 5), as the child belongs to his roommates, and it does not appear as though Plaintiff participates in the state court proceedings concerning the matter. Instead, Plaintiff only provides "naked assertion[s]" which are verboten pursuant to the jurisprudence espoused under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 556.

Plaintiff has generally alleged that Defendant Anderson's driving by his house constitutes "harassment" (See ECF No. 2 at 4, 5; ECF No. 4 at 5). Plaintiff provides no factual support for his claims for "slander", "libel", and "defamation of character" (See ECF No. 2 at 5; ECF No. 4 at 3), save for his allegation that Defendant Anderson "lied in her complaint to take custody of my roomates [sic] child" to the extent that she asserted Plaintiff refused Defendant Anderson's request for a home inspection, when he actually had a medical emergency (ECF No. 2 at 5). Plaintiff

---

[7] Pursuant to W. Va. Code § 49-4-601, et seq.

further alleged that "I have no problem with them inspecting my house and I refuse to have or give any information to them but [they] can inspect house" (Id.). In any event, the undersigned finds that Plaintiff's claims against Defendant Anderson are improper and should be dismissed. Moreover, Plaintiff does not allege any specific facts with respect to Defendant Child Protective Services. Thus, Plaintiff does not provide any factual support for his claims entitling him to relief, and Plaintiff's "Complaint(s) and Request(s) for Injunction" are not salvageable even if he were permitted to amend them in the spirit of Denton v. Hernandez, *supra*.

Younger-Abstention Doctrine:

Based on Plaintiff's own allegations that the minor child was removed in September 2021, and that Defendant Anderson testified in a hearing held in November 2021, there appears to be some ongoing proceedings with respect to the child's removal in State court. Accordingly, this Court should abstain from exercising subject matter jurisdiction over Plaintiff's claims based upon the Younger-abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971). "Under the Younger-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-238 (1984).

The Fourth Circuit has recognized that "Younger abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), *cert. denied*, 516 U.S. 1094, (1996). A court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the

7

prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The Younger abstention has been extended to civil litigation brought by the state to vindicate its policies. Huffman v. Pursue, Ltd., 420 U.S. 592, 604–05, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). This includes child-welfare and child-custody proceedings. Moore, 442 U.S. at 423, 99 S.Ct. 2371 (applying Younger to state-initiated custody litigation).

The undersigned finds that the Younger abstention doctrine may apply in the instant case, as there is no indication from Plaintiff's claims that the State-initiated custody proceedings have concluded. Indeed, the fact that Plaintiff clearly alleges that he has "no problem" with a home inspection by child protective services indicates that he is amenable to assisting in the investigation, despite his reservation to providing any further information. Moreover, although Plaintiff bristled at Defendant Anderson's assertion that he refused her entry into his home, and that she drove by his house, it appears that her recent efforts to investigate the safety of Plaintiff's home in the event the child be returned to his roommates strongly suggests that the State court proceedings have not concluded. Despite Plaintiff's conclusory allegations that Defendant Anderson's driving by his house constitutes harassment, Plaintiff provides no grounds that support any of the enumerated Nivens exceptions to the Younger mandate: Plaintiff fails to show improper

prosecution against him in State court, or facts supporting a claim for *unreasonable* harassment that comports with the bad faith exception.

It is also notable that Plaintiff is seeking injunctive relief, a "temporary restraining order" against Defendant Anderson, to the extent that he wants this Court to prohibit her "from driving by my house" (ECF No. 2 at 5). Courts have long recognized that such extraordinary remedies may only be used sparingly and in limited circumstances. See, e.g., Sarsour v. Trump, 245 F.Supp.3d 719 (E.D. Va. Mar. 24, 2017). To prevail on such a remedy, Plaintiff bears the burden to establish that (1) he is likely to succeed on the merits of his case; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of the equities tips in his favor; and (4) an injunction would be in the public interest. See Fed. R. Civ. P. 65. As demonstrated above, this Court can exercise no jurisdiction over the parties and matters indicated in Plaintiff's Complaint(s), therefore, this Court is unable to provide injunctive relief in accordance with Plaintiff's request, particularly given how absurd it is on its face. Indeed, Plaintiff undermines his prayer for injunctive relief when he admits he would allow Defendants to perform a house inspection. Since there has been no appreciable showing that such an extraordinary remedy would be in the public interest, or that Plaintiff is likely to suffer any irreparable harm in the absence of same, Plaintiff's request to enjoin child protective service agents from doing a home inspection to promote the safety of his roommates' child must be denied.

Legal Immunities:

As stated above, given Plaintiff's *de minimis* factual allegations against these Defendants, he has failed to state a claim against them upon which relief can be granted. Additionally, it would appear that these Defendants also enjoy at least qualified immunity from Plaintiff's claims. Qualified immunity shields public officials from personal liability for performance of their official

duties, provided that they do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A court considers whether the rights allegedly violated by the public official were clearly established at the time of the challenged conduct, Mitchell v. Forsyth, 472 U.S. 511, 528, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and whether such conduct was objectively reasonable. Harlow, 457 U.S. at 818, 102 S.Ct. 2727. "As such, if there is a 'legitimate question' as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity." Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994) (citing Tarantino v. Baker, 825 F.2d 772, 775 (4th Cir. 1987)), *cert. denied sub nom.* Wiley v. Mayor of Baltimore, 516 U.S. 824, 116 S.Ct. 89, 133 L.Ed.2d 45 (1995). The Fourth Circuit has held that social workers may assert qualified immunity in appropriate circumstances. See Hodge v. Jones, 31 F.3d 157, 162 (4th Cir. 1994) (citing Wildauer v. Frederick County, 993 F.2d 369, 373 (4th Cir. 1993)), *cert. denied*, 513 U.S. 1018, 115 S.Ct. 581, 130 L.Ed.2d 496 (1994). As noted *supra*, Plaintiff merely alleges Defendant Anderson drives by his house and testified he refused to let her inspect his home, when he actually had a medical emergency, but Plaintiff also asserts no objection to these agents inspecting his home. Accordingly, because Plaintiff fails to establish facts indicating that these Defendants engaged in any intentional misconduct resulting in the deprivation of his constitutional rights, and further assuming Plaintiff has asserted a species of a Section 1983 claim, this claim fails, and these Defendants are entitled to qualified immunity. See, generally, Martin v. Saint Mary's Dept. Social Services, 346 F.3d 502, 507 (4th Cir. 2003).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's

Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), **DISMISS** Plaintiff's Complaint and Request for Injunction (ECF Nos. 2, 4) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: December 10, 2021.



Omar J. Aboulhosn
United States Magistrate Judge